## The People of the State of Illinois ex rel. Edward J. Brundage and Robert E. Crowe, Appellees, v. Edward Fox and Samuel Rifas, Appellants.

### Gen. No. 27,877.

NUISANCES—*injunction against public nuisance without notice when rights of public unduly prejudiced.* An interlocutory order enjoining defendants from maintaining a public nuisance is properly entered without notice upon a bill of complaint brought on relation of the Attorney General upon supporting affidavits where the bill charges and the affidavits show the unlawful sale and use of intoxicating liquors on defendant's premises and that such premises are being conducted as a common, ill-governed disorderly house, the patrons of which indulge in the use of such liquors and in lewd and obscene dances and conduct, and that prostitution is there openly solicited, since it appears therefrom that the rights of the public will be unduly prejudiced if the injunction is not issued immediately without notice.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed November 8, 1922. Rehearing denied November 21, 1922.

SHULMAN, SHULMAN & ABRAMS, for appellants; MEYER ABRAMS, of counsel.

EDWARD J. BRUNDAGE and ROBERT E. CROWE, for appellees; FRANKLIN A. DENISON, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from an interlocutory order enjoining defendants from maintaining a public nuisance, which was entered without notice upon a bill of complaint brought on the relation of the Attorney General and State's Attorney and upon affidavits supporting the same.

While appellants first urged that the bill should be

verified by affidavit, they concede upon authority of *Attorney General v. Cohoes Co.,* 6 Paige (N. Y.) 133, and *Attorney General v. Chicago & N. W. Ry. Co.,* 35 Wis. 425, that an information of the Attorney General acting under the sanction of his oath of office is equivalent to a bill in chancery verified on information and belief.  They also concede that a court of equity has jurisdiction to enjoin a public nuisance upon a bill brought for that purpose by the Attorney General in the name of the People, even though the nuisance may also be a crime.  (*Stead v. Fortner,* 255 Ill. 468, and authorities there cited.)

In this case the bill charges the sale and use of intoxicating liquors in violation of law on premises owned and conducted by defendants, and that they have conducted for some months, and still maintain thereon, a common, ill-governed, disorderly house, where patrons and habitues thereof indulge in the use of such liquors and in lewd and obscene dances and conduct, and where prostitution is openly solicited. The injunction restrains the use of the premises for such purposes.

Practically the only question presented is whether the order should have been granted without notice. While no notice was given and the bill did not ask for an injunction without notice, and the statute requires notice unless it appears from the bill or affidavit accompanying the same that the rights of the complainants will be unduly prejudiced if the injunction is not issued immediately without such notice, yet without reciting here more fully the specific acts charged in the bill and detailed in affidavits which clearly show that defendants are conducting and maintaining a disorderly house of the character described, we think it enough to say that as such acts constitute criminal offenses and appear to be committed day after day in open defiance of law, order and decency, the rights of the public may well be said to be unduly prejudiced by

such persistent defiance and continuance of such evil influences upon the community, and therefore the people are entitled to the immediate suppression of such a nuisance for which justification cannot be pleaded.

Accordingly the order will be affirmed.

*Affirmed.*

MORRILL and GRIDLEY, JJ., concur.